IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDRE WALTER FALLON, | * | |
| Petitioner, | * | |
| v | * | Civil Action No. SAG-23-604 |
| STATE OF MARYLAND and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM OPINION

The above-entitled Petition for Writ of Habeas Corpus was filed on March 6, 2023. ECF No. 1. Petitioner Andre Walter Fallon did not state any claim, but rather asserted that his "case could not be located in the Clerk of Courts files/archives" and that "no one can identify me or my case, ye[t] here I am serving a 40 [year sentence]." *Id.* at 5. However, Petitioner states he was convicted in the Circuit Court for Baltimore County on December 20, 2014, and provides a case number. *Id*. at 1. Consequently, Petitioner was directed to supplement his Petition to outline any claims he intended to pursue. ECF No. 3. Petitioner was provided with forms to assist him. *Id*.

On May 9, 2023, Petitioner filed the required supplemental petition using the forms provided. ECF No. 7. In the Supplement, Petitioner states that he was sentenced to a term of forty years imprisonment in the Circuit Court for Baltimore County on January 7, 2015, for two counts of second-degree burglary and two counts of theft. *Id*. at 1, 6. Petitioner indicated that he did not appeal or seek leave to appeal in the Maryland Appellate Court, file a petition for writ of certiorari in the Maryland Supreme Court, or file any post-conviction petitions challenging the judgment or sentence. *Id*. at 2-3. Petitioner left blank the section of the Petition in which he was instructed to state each of his claims. *Id*. at 5. Instead, he simply states that "Baltimore County Court House

could not locate my case after my sentencing day.  If they don't have my files I can't raise no issues." *Id*. at 6.  Petitioner also submitted a separate document in which he states that "everything that Baltimore County did to me was unconstitutional." *Id*. at 7.  He then questions the different charges he faced in different counties, asking "[h]ow can my case be in Circuit Court and District Court at the same time?" *Id*. at 8.  He alleges that the case he was being held on was dismissed in 2014, therefore he was held illegally, although it is unclear to what time period he refers.  *Id*.  He also references other cases in Prince George's County and Queen Anne's County, and alleges that Baltimore County "indicted me for the same charges over and over again."[1]  *Id*. at 9.  None of this amounts to a claim regarding Petitioner's current confinement or the Baltimore County judgment for which he is serving a sentence.  Construed generously, the closest Petitioner comes to a cognizable claim is his statement: "took me to trial without a lawyer, had no intentions to honor my appeal or my 3 judge panel, I never had one."  *Id*.  However, without any further details, particularly in the context of Petitioner's statement that he cannot state any claim, it is not at all clear whether Petitioner intends to claim that he was denied the assistance of counsel at a trial or denied the opportunity to appeal.  In short, Petitioner has failed to comply with this Court's Order requiring him to complete the forms provided and outline his claims as to why his conviction and/or sentence are unconstitutional.  ECF No. 3

Even if the supplemental petition is construed as stating a cognizable claim for relief, Petitioner did not exhaust his state remedies prior to filing the Petition.  Petitioner indicates that he has not sought appellate review of his conviction, nor has he initiated post-conviction proceedings.  ECF No. 7 at 2-4.  Maryland Judiciary Case Search records show that Petitioner was

---

[1] A search of the Maryland Judiciary Case Search revealed no criminal cases for Petitioner in Prince George's County.  Petitioner was convicted on January 21, 2015, in the Circuit Court for Queen Anne's County for theft and burglary in Case Nos. 17-K-14-008895 and 03-K-14-001104.  *See* https://casesearch.courts.state.md.us/casesearch/ (last visited Dec. 6, 2023).

sentenced in the Circuit Court for Baltimore County on December 12, 2014, on five charges of theft and burglary to four consecutive sentences of 10 years each and one sentence of 18 months. *See* https://casesearch.courts.state.md.us/casesearch/ (last visited Dec. 6, 2023). There is no indication that Petitioner appealed his sentence or conviction or filed a post-conviction petition. *Id*.

Before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 which challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Appellate Court and then to the Maryland Supreme Court by way of a Petition for Writ of Certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-201 and § 12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Appellate Court. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-302(e). If the Appellate Court denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, Petitioner must file a Petition for Writ of Certiorari to the Maryland Supreme Court. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Further, Petitioner must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction

proceedings, it must be raised in a petition filed in the Circuit Court where Petitioner was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Appellate Court. *See* Md. Crim. Proc. Code Ann. § 7-109.  If the Appellate Court denies the application, there is no further review available and the claim is exhausted.  *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Maryland Supreme Court. *See Williams, supra*.

Petitioner must also comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims.  Petitioner is forewarned that the one-year filing deadline begins to run on the date his conviction is final.  If he no longer has a direct appeal available to him, that one-year period began to run on the date of conviction.  The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court.  This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run.  Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Petitioner has to seek federal habeas corpus review.

The Petition will be dismissed for failure to comply with the Court's Order.  However, dismissal shall be without prejudice to refiling following Petitioner's exhaustion of his claims as described above.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Petitioner fails to meet this standard and a Certificate of Appealability shall not issue.

      A separate Order follows.


<u>December 13, 2023</u>                                                 /s/
Date                                                       Stephanie A. Gallagher
                                                            United States District Judge